IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LETICIA ALTAMIRANO LOPEZ,                     )
                                              )
                          Petitioner,         )
                                              )
        v.                                    )        Case No. 26-3126-JWL
                                              )
TODD M. LYONS, Acting Director, ICE;          )
MARKWAYNE MULLIN, DHS Secretary;              )
TODD BLANCHE, Acting Attorney General; and    )
MISTY MACKEY, Warden,                         )
        Midwest Regional Reception Center,    )
                                              )
                          Respondents.        )
                                              )
_____ )

## MEMORANDUM AND ORDER

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, in which she challenges her detention by immigration officials without a bond hearing. For the reasons set forth below, the Court **grants the petition in part and denies it in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **June 23, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies any request for other relief.

It appears from the petition that petitioner entered the United States in 2021 and that she is presently detained by immigration officials within this judicial district pending

removal proceedings.[1]  On May 13, 2026, petitioner filed the instant habeas action; respondents have filed an answer to the amended petition, and the deadline for petitioner's traverse has now passed, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that she is "in custody in violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2241(c)(3).  This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal.  *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).  Respondents have not argued that this Court lacks jurisdiction to consider petitioner's claims.

It appears that petitioner was not recently detained as an alien newly arriving in the United States, but that she had been present in the United States for a period of years when she was detained.  Petitioner argues that, for that reason, her detention does not fall within the scope of 8 U.S.C. § 1225(b)(2)(A), which mandates detention pending removal proceedings, and under which the Government purports to detain petitioner; but instead is governed by 8 U.S.C. § 1226(a), which provides for discretionary release on bond. Petitioner thus claims that her detention without any consideration of her release on bond violates these statutes.

In a recent case involving the same issue, this Court rejected the Government's interpretation of these statutes in favor of the interpretation adopted by the overwhelming majority of courts that have addressed the issue, and the Court ordered relief in the form of

---

[1]  The petition filed by counsel fails to provide basic details, including petitioner's native country and the date her present detention began.

2

a bond hearing under Section 1226(a). *See Galdamez Orellana v. Welsh*, 2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.). The Court has also held that that reasoning applies in the case of an alien, such as petitioner here, who has pursued an application for asylum. *See Khudyi v. Carter*, 2026 WL 1098197, at *2 (D. Kan. Apr. 23, 2026) (Lungstrum, J.). Respondents concede that the relevant facts of the present case are not materially distinguishable from those in *Galdamez Orellana,* and they therefore acknowledge that the Court's prior reasoning in that case would also apply here. Thus, for the same reasons set forth in the Court's opinion in *Galdamez Orellana*, *see* 2026 WL 710121, at *1-3, the Court concludes in this case that the Government may not detain petitioner under Section 1225(b)(2)(A), and that it may therefore detain petitioner pending a final removal decision only under Section 1226(a), which allows for release on bond; and that the Government has therefore violated these statutes by refusing to allow for consideration of petitioner's release on bond under Section 1226(a).

With respect to the relief sought for this violation, petitioner seeks her release or a bond hearing at which the Government bears the burden of proof, but she has not addressed this Court's discussion of the issue in *Galdamez Orellana*. For the same reasons stated in that case, *see id.* at *3-4, the Court concludes that the most appropriate remedy for this violation is to require that petitioner be granted a bond hearing as if detained under Section 1226(a), although the Court declines to grant other relief as requested with respect to that hearing. Accordingly, the Court orders respondents either to release petitioner or to ensure

3

that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a), at which petitioner's suitability for release on bond is considered on its merits, on or before **June 23, 2026**.[2]

Finally, petitioner has included in her petition as a separate count a claim that respondents were deliberately indifferent to her medical needs in violation of the Fifth Amendment. As respondents note, a prisoner who challenges the conditions of her confinement generally must do so through a civil rights action, not through a habeas action. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). In the petition, petitioner does not identify any particular relief that she seeks as a result of this alleged constitutional violation; thus, it appears that petitioner may be asserting this claim solely as support for her argument for release on bond. Nor has petitioner alleged that she has exhausted administrative remedies with respect to her medical care. Moreover, petitioner did not file a traverse, and thus petitioner has not clarified her claim or addressed respondents' arguments in opposition. Therefore, to the extent that petitioner asserts a separate claim for release based on deliberate indifference to her medical needs, the Court denies the claim.

---

[2] Respondents have not argued or provided evidence that a hearing could not be conducted within this timeframe. Nor have respondents argued that an immigration judge could not conduct a bond hearing for petitioner on the merits. Although this Court lacks jurisdiction to review an immigration judge's denial of release on bond, *see Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)), it would not be precluded from reviewing an immigration judge's refusal to conduct a hearing based the *Yajure Hurtado* decision by the Board of Immigration Appeals.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part and denied in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **June 23, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies any request for other relief.

IT IS SO ORDERED.

Dated this 12th day of June, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

5